JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN AGNEW

**DEFENDANTS**

STRATEGIC DELIVERY SOLUTIONS LLC AND SDS RX

**(b)** County of Residence of First Listed Plaintiff     Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

Under SOCIAL SECURITY: ☐ 861 HIA (1395ff), ☐ 862 Black Lung (923), ☐ 863 DIWC/DIWW (405(g)), ☐ 864 SSID Title XVI, ☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq. ("ADA"), 29 U.S.C. § 2601, et seq. ("FMLA"), 43 P.S. §951, et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action Defendant for for unlawful discrimination and retaliation in connection with his disability.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____     DOCKET NUMBER _____

DATE
11/01/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  **King of Prussia, PA 19406**

Address of Defendant:  **11B Picone Blvd., Farmingdale, NY 11735**

Place of Accident, Incident or Transaction:  **600 Allendale Road, King of Prussia, PA 19406**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/1/18**     _____     **319009**
                      *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Fernando I. Rivera** _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☒ Relief other than monetary damages is sought.

DATE: **11/1/18**     _____     **319009**
                      *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **John Agnew** | : | CIVIL ACTION |
| v. | : | |
| **Strateguic Delivery Solutions LLC and** | : | |
| **SDS RX** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| | | |
|---|---|---|
| **11/1/18** | | **John Agnew** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| **215-545-7676** | **215.754.4928** | **rivera@consolelaw.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **JOHN AGNEW**<br>King of Prussia, PA 19406 | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.** |
| | : | |
| | : | |
| **STRATEGIC DELIVERY SOLUTIONS**<br>**LLC**<br>11B Picone Blvd.<br>Farmingdale, NY 11735 | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| **SDS RX**<br>11B Picone Blvd.<br>Farmingdale, NY 11735 | : | |
| | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |
| | : | |

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, John Agnew ("Plaintiff"), brings this action against his former employers, Strategic Delivery Solutions, LLC, and SDS Rx (collectively, "Defendants"), for unlawful discrimination and retaliation. Within three (3) days of returning from a medical leave of absence necessitated by his disabilities, Plaintiff was given a written warning for a fabricated reason. Thirty (30) days later, without further incident, Plaintiff was abruptly terminated by Defendants for "poor performance." Plaintiff's direct supervisor disclosed to him that Defendants were out to "get rid" of Plaintiff and that its stated reason for terminating him was false. Defendants' discriminatory and retaliatory conduct violated the

Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Plaintiff seeks all damages, including economic loss, compensatory, punitive and liquidated damages, attorney's fees and costs, and all other relief this Court deems appropriate under applicable federal and state law.

## II.  PARTIES

1.      Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      At all times material hereto, Plaintiff was actually disabled under the ADA and PHRA in that he suffered from physical and/or mental impairments that substantially limited one (1) or more of his major life activities, had a record of impairments, and/or was regarded as having such impairments.

3.      Defendant, Strategic Delivery Solutions, LLC, is a corporation formed under the laws of the State of New York with its principal place of business located at 11B Picone Boulevard, Farmingdale, New York.

4.      Defendant, SDS Rx, is a corporation formed under the laws of the State of New York with its principal place of business located at 11B Picone Boulevard, Farmingdale, New York.

5.      At all times material hereto, Plaintiff was employed by Defendants to work on-site at a client located at 600 Allendale Road, King of Prussia, Pennsylvania 19406.

6.      Defendants engaged in an industry affecting interstate commerce that regularly does business in the Commonwealth of Pennsylvania and with entities and

individuals in the Commonwealth of Pennsylvania. Defendants also employ residents of the Commonwealth of Pennsylvania.

7.      At all times material hereto, Defendants employed fifteen (15) or more individuals.

8.      At all times material hereto, Defendants employed four (4) or more individuals in the Commonwealth of Pennsylvania.

9.      At all times material hereto, Defendants employed more than fifty (50) individuals within a seventy-five (75) mile radius of Plaintiff's primary reporting office.

10.     At all material times hereto, Plaintiff was employed for at least one thousand two hundred fifty (1,250) hours of service during the last twelve (12) month period.

11.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

12.     At all times material hereto, Defendants acted as an "Employer" within the meaning of the statutes which form the bases of this matter.

13.     At all times material hereto, Plaintiff was an "Employee" of Defendants within the meaning of the statutes which form the bases of this matter.

## III.    <u>JURISDICTION AND VENUE</u>

14.     The causes of action which form the bases of this matter arise under the ADA, the FMLA, and the PHRA.

15.     The District Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), in that the Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16.     The District Court also has jurisdiction over Count I (ADA) pursuant to 28 U.S.C. § 1331.

17.     The District Court also has jurisdiction over Count II (FMLA) pursuant to 28 U.S.C. § 1331.

18.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

19.     Venue is proper in the District Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000(e)–5(f).

20.     On August 10, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of acts of discrimination alleged herein (the "Charge"). The Charge was cross-filed with the Pennsylvania Human Relations Commission (PHRC). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the Charge (with personal identifying information redacted).

21.     On or about August 5, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue for the Charge (the "Notice"). Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the Notice (with personal identifying information redacted).

22.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    **FACTUAL ALLEGATIONS**

23.     Prior to commencing employment with Defendants, Plaintiff was diagnosed with and treated for bipolar disorder (a brain disorder that causes unusual shifts in mood,

energy, and activity levels), alcoholism (an addiction to the consumption of alcoholic liquor and/or the mental illness and compulsive behavior resulting from alcohol dependency), and anxiety and depression (mental impairments that significantly impacted his ability to sleep, work, concentrate, think, regulate his emotions) (Plaintiff's "Disabilities").

24.     Plaintiff was hired by Defendants on or about January 14, 2015, as a full-time Dispatcher.

25.     Throughout his tenure with Defendants, Plaintiff was a loyal and dedicated employee who performed his job duties in a competent manner.

26.     As of the time of his termination on or about March 24, 2017, Plaintiff reported directly to Bruce Simmons ("Simmons"), Operations Manager.

27.     As of March 24, 2017, Simmons reported to Samir Tanyous ("Tanyous"), Operations Director, and Tanyous reported to Mike Riccio ("Riccio"), Owner/President.

28.     In or around September of 2016, Plaintiff entered into a thirty (30) day rehab program to treat for his Disabilities.

29.     As a result of Plaintiff rehab stint in September of 2016, Simmons, Tanyous, and Riccio became aware of Plaintiff's Disabilities.

30.     When Plaintiff went out on medical leave in September of 2016, Plaintiff's wife contacted Simmons to advise him of the reason for same was due to Plaintiff's Disabilities.

31.     In or around mid-November of 2016, Plaintiff returned to work from his rehab stint without any restrictions or limitations.

32.     In or around late-January of 2017, Plaintiff was hospitalized as a result of

his Disabilities.

33.     Due to his hospitalization, Plaintiff was admitted into a rehab program to treat for his Disabilities.

34.     While attending rehab resulting from his hospitalization in January of 2017, Plaintiff initiated and was approved for a medical leave of absence under the FMLA ("FMLA Leave").

35.     On or about February 2, 2017, Plaintiff communicated to Defendants that he expected to return to work from FMLA Leave on February 20, 2017.

36.     While on FMLA Leave, Plaintiff was informed by Simmons that Defendants wanted to "get rid" of him by terminating his employment.

37.     Simmons also informed Plaintiff that Defendants had already replaced him at his position.

38.     On February 20, 2017, Plaintiff returned to work without any restrictions or limitations.

39.     The individual who had replaced Plaintiff while he was on FMLA Leave remained employed by Defendants and continued to perform Plaintiff's job duties.

40.     Upon returning to work, as a result of Plaintiff's replacement continuing to perform his job duties, Plaintiff suffered a reduction of work hours.

41.     On or about February 23, 2017, Plaintiff was issued an unfounded written warning.

42.     On or about March 24, 2017, upon arriving at work and without further incident or warning, Tanyous informed Plaintiff of his immediate termination.

43.     Defendants' stated reason for terminating Plaintiff was due to his "poor

performance."

44.    When informing Plaintiff of his termination, Tanyous refused to provide any details or examples regarding how Plaintiff's performance was deficient.

45.    In or around late-March or early-April of 2017, Simmons informed Plaintiff that the decision to terminate him was made by Riccio.

46.    Simmons also informed Plaintiff that his performance was not deficient and that Defendants' stated reason for terminating him (alleged poor performance) was false.

47.    Defendants' stated reason for terminating Plaintiff was false and pretext for discrimination and retaliation.

48.    At all times material hereto, Plaintiff was a qualified individual under the ADA and the PHRA.

49.    At all times material hereto, Defendants had knowledge of Plaintiff's Disabilities.

50.    Plaintiff's actual, perceived disability, and/or record of impairment was a determinative and/or motivating factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, his termination.

51.    Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights and warrants the imposition of punitive damages against Defendants.

52.    Defendants retaliated against Plaintiff for exercising his right to a medical leave of absence under the FMLA.

53.    Plaintiff's FMLA Leave was a motivating factor in Defendants' discriminatory treatment of Plaintiff, including, but not limited to, his termination.

54.    The conduct of Defendants was willful and warrants the imposition of

liquidated damages against Defendants.

55.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional distress, and pain and suffering.

56.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' unlawful conduct alleged herein unless and until this Court grants the relief requested herein.

## COUNT I
## (VIOLATION OF THE ADA)

57.     Plaintiff incorporate herein by reference the above paragraphs as if set forth herein in their entirety.

58.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADA.

59.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights, thereby warranting the imposition of punitive damages.

60.     As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

62.     No previous application has been made for the relief requested herein.

## COUNT II
## (VIOLATION OF THE FMLA)

63.     Plaintiff incorporate herein by reference the above paragraphs as if set forth herein in their entirety.

64.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the FMLA.

65.     As a result of Defendants discrimination and retaliation against Plaintiff for exercising his right to take leave, Defendants denied Plaintiff his rights under the FMLA.

66.     Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, thereby warranting the imposition of liquidated damages.

67.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

68.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless and until this Court grants the relief requested herein.

69.     No previous application has been made for the relief requested herein.

## COUNT III
## (VIOLATION OF THE PHRA)

70.     Plaintiff incorporate herein by reference the above paragraphs as if set forth herein in their entirety.

71.     Defendants, by the above improper and discriminatory acts, has violated the PHRA.

72.     Said violations were intentional and willful.

73.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

74.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

75.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically pray the Court to grant the following relief to Plaintiff by:

(a)     Declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     Declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)     Declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     Enjoining and restraining permanently the violations alleged herein;

(e)     Awarding compensatory damages to Plaintiff to make him whole for the loss of past and future lost earnings with interest, benefits, bonuses, and earning capacity, which Plaintiff has suffered and will suffer as a result of the unlawful conduct of Defendants;

10

(f)      Awarding compensatory damages to Plaintiff for past and future emotional distress, mental anguish, embarrassment, humiliation, loss of life's pleasures, pain and suffering, and harm to reputation;

(g)      Awarding punitive damages to Plaintiff under the ADA;

(h)      Awarding liquidated damages to Plaintiff under the FMLA;

(i)      Awarding to Plaintiff the costs of his action, together with reasonable attorney's fees;

(j)      Awarding Plaintiffs such other damages as are just and appropriate; and

(k)      Granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

By: _____
FERNANDO I. RIVERA, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA  19102
Phone: (215) 545-7676
Direct Fax: (215) 754-4938
Rivera@consolelaw.com

Dated: 11/1/2018                                   *Attorneys for Plaintiff*

11

# Exhibit A

| CHARGE OF DISCRIMINATION | | AGENCY<br>FEPA | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | X    EEOC | |

| STATE OR LOCAL AGENCY:  PHRC | | | |
|---|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Mr. John Agnew | | TELEPHONE NUMBER *(Include Area Code)*<br>(610) 803-6582 | |
|---|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>King of Prussia, PA 19406 | | DATE OF BIRTH<br>10/29/1962 |
|---|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br><br>**Strategic Delivery Solutions LLC**<br>**SDS Rx** | NUMBER OF EMPLOYEES,<br>MEMBERS<br>>200 | TELEPHONE (Include Area Code)<br><br>(877) 686-4343 |
|---|---|---|

| STREET ADDRESS<br>600 Allendale Road | CITY, STATE AND ZIP<br>King of Prussia, PA 19406 | COUNTY<br>Montgomery County |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>__ Race  __ Color  __ Sex  __ National Origin<br>__ Retaliation  __Age  __**X** Disability  __Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  3/27/2017 |
|---|---|

## The Particulars Are:

A.    1.    Relevant Work History

In March 2014[1], I was hired by SDS Rx and Strategic Delivery Solutions LLC ("Respondents") as a Dispatcher. At the time of my termination, I reported to Bruce Simmons, Operations Manager. Simmons reported to Samir Tanyous, Operations Director, who reported to Mike Riccio, Owner/President. To my knowledge, none of the other employees referenced herein suffer from a disability.

At all times, I performed my duties in a highly competent manner.

2.    Harm Summary

I believe that Respondents discriminated against me based upon my disability. Evidence of discriminatory conduct includes, but is not limited to, the following:

(a)    At all relevant times I was disabled in that I suffered from an impairment, which substantially limited one or more of my major life activities, had a record of impairment and/or was regarded as having such impairment.

(b)    In January 2017, I initiated a medical leave of absence pursuant to the FMLA as a result of my disability.

---

[1] All dates contained herein are approximations.

(c) Prior to initiating a medical leave of absence, I had no reason to believe that my job was in jeopardy.

(d) While out on medical leave, Respondents informed me that they wanted to terminate my employment and that they had already replaced my position. No explanation was given as to why Respondents wanted me gone.

(e) I returned to work from my medical leave of absence on February 20, 2017.

(f) After returning to work, I was again told that Respondents wanted to terminate my employment.

(g) The individual who had replaced me while I was out on medical leave remained employed by Respondents upon my return to work and performed my duties.

(h) On February 23, 2017, three days after my return to work, I was issued an unfounded write-up.

(i) On March 27, 2017, Respondents terminated my employment, effective immediately, and escorted me off the premises.

(j) Respondents' stated reason for terminating me was "poor performance." However, Respondents failed to provide me with any details or examples of how my performance was allegedly deficient.

(k) After I was terminated, my supervisor informed me that the decision to terminate me was made by Riccio, that my performance was not deficient and that the stated reason for my termination – alleged "poor performance" – was false.

B. Respondents' Stated Reasons

(a) Respondents' stated reason for my termination is false and a pretext for disability discrimination.

C. Statutes and Basis for Allegations

I believe that Respondents have discriminated against me based upon my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, as amended 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY — (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |

2

| | SIGNATURE OF COMPLAINANT |
|---|---|
| Date: 8/9/17   Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

RECEIVED
17 AUG 10 PM 4: 19
EEOC PHILADELPHIA
DISTRICT OFFICE

3

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**John Agnew v.  Strategic Delivery Solutions LLC, *et al.***

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC
protects your state rights, especially since there may be circumstances in which state and federal laws
and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are
unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be
dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with
your signature under the verification below, will constitute filing with the PHRC. You have chosen
EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept
EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to
file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,
the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is
required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file
your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

 X   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into
the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to
PHRC.

 X    *I understand that false statements in this complaint are made subject to the penalties of 18
Pa.C.S. §4904, relating to unsworn falsification to authorities.*

         X           _John P Agnew Jr_    _8/9/17_
                     Signature and Date

_____ I do not want my charge dual filed with PHRC

              _____
              Signature and Date

# Exhibit B

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **John Agnew**

**King Of Prussia, PA 19406**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Legal Unit, | |
| 530-2017-03580 | Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Janice Williamson*

**Jamie R. Williamson,**
**District Director**

August 5, 2018
(Date Mailed)

Enclosures(s)

cc:   STRATEGIC DELIVERY SOLUTIONS
Jennifer Jardine, HR Director (for Respondent)
Kevin Console, Esq. (for Charging Party)